# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Colin E. Reid,                                    Case No. 1:17-cv-580

    Petitioner,

v.                                                MEMORANDUM OPINION
                                                  AND ORDER

Ronald Erdos, Warden,

    Respondent.

## I.    INTRODUCTION

Petitioner Colin E. Reid seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to convictions entered against him following a 2009 guilty plea in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Jonathan D. Greenberg reviewed Respondent Ronald Erdos's motion to dismiss Reid's petition as well as the arguments of counsel pursuant to Local Rule 72.2(b)(2) and recommends I grant the motion and dismiss the petition. (Doc. No. 11). Reid has filed objections to Magistrate Judge Greenberg's Report and Recommendation. (Doc. No. 14). For the reasons stated below, I overrule Reid's objections and adopt Magistrate Judge Greenberg's Report and Recommendation.

## II.    BACKGROUND

Reid does not object to Magistrate Judge Greenberg's description of the factual and procedural history of Reid's case, and I adopt those sections of the Report and Recommendation in full. (Doc. No. 11 at 1-7). I offer the following summary for context.

In January 2009, a Cuyahoga County, Ohio grand jury indicted Reid on two counts each of aggravated robbery, felonious assault, and failure to comply, as well as one count each of robbery, kidnapping, theft, vandalism, and driving under the influence. (Doc. No. 11 at 1-2). One of the aggravated robbery counts was subsequently amended to attempted aggravated robbery and one of the felonious assault charges was amended to name two victims. (Doc. No. 7-1 at 10).

On March 10, 2009, Reid pled guilty to one count each of attempted aggravated robbery, kidnapping, felonious assault, failure to comply with the order of a police officer, vandalism, and driving under the influence. The remaining charges were dismissed on the prosecution's motion. Reid subsequently was sentenced to a total of eighteen years imprisonment. (Id. at 11).

Between April 2009 and August 2016, Reid intermittently sought various forms of post-conviction relief in the Ohio Eighth District Court of Appeals and the Supreme Court of Ohio, through a total of five different attorneys. Reid's post-conviction proceedings generally involved claims of ineffective assistance of counsel, beginning after his first appeal was dismissed because his attorneys failed to file the state court record along with his notice of appeal. His habeas petition seeks relief based on these instances of ineffective assistance, as well as his assertion that his guilty plea was not voluntary.

Magistrate Judge Greenberg recommends I grant Respondent's motion to dismiss the petition as time barred, having concluded the statute of limitations has expired and that Reid has not established the limitations period should be statutorily or equitably tolled. Reid objects to Magistrate Judge Greenberg's equitable tolling conclusion, arguing that the numerous instances of prior counsel's ineffective assistance constitute the extraordinary circumstances necessary to invoke equitable tolling.

### III.    STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.    DISCUSSION

Generally, a one-year period of limitation applies to an application for a writ of habeas corpus by a person who is in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year limitations period runs from the date the judgment became final by conclusion of direct review or expiration of the time for seeking such review.  *Id.*  The time during which a properly filed application is pending does not count toward the period of limitation.  *Id.*

Reid does not contest the Magistrate Judge's conclusion that the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period began to run on February 5, 2010, after he did not appeal the voluntary dismissal of his reinstated direct appeal, and it expired one year later on February 5, 2011.  While Reid contends the limitations period should be tolled because he received ineffective assistance from several different attorneys at several different stages of his case, he is not entitled to equitable tolling because he fails to explain his long stretches of inaction in the gaps between his attorneys' alleged ineffective assistance.

Equitable tolling may apply when the petitioner's failure to meet a deadline was unavoidable and beyond the petitioner's control. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To receive equitable tolling, Reid must prove (1) he was diligent in pursuing his rights, and (2) some extraordinary circumstance stopped him from filing on-time. *Id.* Equitable tolling is granted sparingly and it is Reid's burden to prove he is entitled to it. *See, e.g., Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2005). Ineffective assistance of counsel may warrant relief through equitable tolling but the attorney's failures must be more substantial than conduct constituting excusable neglect. *Robinson v. Easterling*, 424 F. App'x 439, 442-43 (6th Cir. 2011). A petitioner's excessive delays may demonstrate the petitioner lacked the appropriate diligence required for equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462-63 (6th Cir. 2012). Additionally, a petitioner's claimed ignorance of the law does not warrant equitable tolling. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Here, Reid argues he is entitled to equitable tolling because of ineffective assistance of counsel at every level. Reid claims, despite pursuing his rights diligently, the ineffectiveness of his attorneys was an extraordinary circumstance which stopped him from filing on-time. As the Magistrate Judge noted, however, the Sixth Circuit has repeatedly held that equitable tolling is not available to litigants who do not pursue potential remedies for long periods of time. *See, e.g., Robinson*, 424 F. App'x at 443 ("[T]his Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here."); *Keeling*, 673 F.3d at 463-64 (denying equitable tolling to petitioner who waited three years between filings).

Reid waited nearly two years after the trial court denied his motion for post-conviction relief in June 2011 before seeking to reopen his appeal pursuant to Ohio Appellate Rule 26(B) in June 2013, and then waited nearly three years after the Eighth District Court of Appeals denied his Rule 26(B) motion in September 2013 before seeking leave from the Supreme Court of Ohio to pursue a

4

delayed appeal in July 2016. (See Doc. No. 11 at 6-7). He offers no explanation for these delays. Further, he cannot plausibly claim the ineffective assistance of his prior attorneys justifies his failure to act, because even petitioners whose attorneys repeatedly mislead them about the status of their cases have a continuing duty to monitor their cases and diligently pursue their rights. *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (denying equitable tolling to petitioner whose attorney lied to the petitioner about the status of petitioner's case for over eight months after petitioner's last motion was denied).

Finally, Reid includes in his objections a three-and-a-half-page-long block quote from the Sixth Circuit's decision in *Cleveland v. Bradshaw*, 693 F.3d 626 (6th Cir. 2012), concerning an actual-innocence exemption to a procedural bar to habeas claims. (Doc. No. 14 at 5-8). Reid does not, however, offer any argument as to why the actual-innocence exception might apply or any newly-discovered evidence to show he actually is innocent of the charges to which he pled guilty.

Reid fails to show he is entitled to the application of equitable tolling, and his petition must be dismissed as time-barred.

## V. CONCLUSION

For the reasons stated above, I overrule Reid's objections (Doc. No. 14), to Magistrate Judge Greenberg's Report and Recommendation, (Doc. No. 11), and adopt the Report and Recommendation in full. Respondent's motion to dismiss Reid's petition because it was filed outside of the one-year statute of limitations, (Doc. No. 7), is granted. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5